STATE OF NORTH CAROLINA v. ELWOOD HAMMOCK

No. 7413SC536

(Filed 17 July 1974)

1. Assault and Battery § 14— assault on officer serving capias — necessity for introducing capias

   In a prosecution for assault upon a law officer while such officer was in the performance of his duties, it was not necessary for the State to offer into evidence the capias which the officer was attempting to serve on defendant at the time the officer was assaulted, since the State's evidence tended to show that defendant knew the officer was at defendant's home in the performance of his duties.

2. Assault and Battery § 14— assault on officer in performance of duty — sufficiency of evidence

   In a prosecution for assault upon a law officer while such officer was in the performance of his duties, the trial court properly denied defendant's motion for nonsuit where the evidence tended to show that the deputy sheriff who approached defendant's home was a law enforcement officer and this was known to defendant, the deputy was performing or attempting to perform his duties as a law enforcement officer and this was known to defendant, and defendant assaulted the deputy with a firearm.

APPEAL by defendant from *Braswell, Judge,* 21 January 1974 Session of Superior Court held in BRUNSWICK County. Heard in the Court of Appeals 21 June 1974.

Defendant was charged in a bill of indictment with assault with a firearm upon a law-enforcement officer while such officer was in the performance of his duties. G.S. 14-34.2.

The State's evidence tended to show the following: On 16 May 1973, a capias was delivered to Brunswick County Deputy Edwards to be served on defendant. Defendant lived with his wife in a part of the building which houses Bessie's Package Store at Yaupon Beach. When Deputy Edwards went into Bessie's Package Store, he observed defendant and his wife through a two by three foot opening in the interior wall, which facilitated a view from the kitchen of the dwelling portion of the building into the package store portion of the building. Defendant was seated at the kitchen table. Deputy Edwards spoke to defendant through the opening in the wall and asked defendant if he was aware he had been due in court that day. Defendant stated that he had sent a doctor's excuse and had been excused. Deputy Edwards told defendant he would check with the radio

dispatcher to determine if defendant had, in fact, been excused. After using his patrol car radio, Deputy Edwards returned to Bessie's Package Store and told defendant that his excuse had been denied by Judge Clark. Deputy Edwards then asked defendant to come with him so they could get the matter straightened out. The deputy testified: "he then seemed very nervous and exicted, and he brought up a double barrel shotgun from behind his right leg, level with my eyes through the hole, and told me that he wasn't going anywhere with any son of a bitch." Deputy Edwards backed out of the store and used his patrol car radio to summon help.

Deputies Reed and Padgett arrived shortly. In the meantime, defendant called Mr. L. D. Jones, assistant police chief at Yaupon Beach, on the telephone and told him "that the deputy sheriff was up there after him and was going to put him in jail and he had been in jail a good bit of his life and that he wasn't going to any jail with any deputy sheriff." Shortly thereafter, Assistant Chief Jones, while driving to work, saw defendant and the sheriff's deputies.

Deputy Padgett was at a corner of the building with his pistol drawn. Deputy Reed was taking a shotgun from his patrol car. Deputy Edwards was behind his patrol car with a gun across the car. Defendant was standing in the doorway to the building. Defendant had a shotgun pointed in the direction of Deputy Edwards, and he had his arms around his wife with his wife shielding him. Assistant Chief Jones tried to talk to defendant, but defendant said, "You're not going to take me anywhere either," and he leveled the shotgun at Jones. In spite of the shotgun, Jones continued to talk to defendant until he was close enough to take the shotgun from his hands. Jones opened the breechblock and removed two shells. Defendant was then transported to court in Deputy Reed's patrol car.

Defendant offered evidence which tended to show that defendant lacked the mental capacity on the day of the incident to know the nature and quality of his act or to distinguish between right and wrong.

The jury returned a verdict of guilty as charged.

*Attorney General Morgan, by Associate Attorney Hassell, for the State.*

*Murchison, Fox & Newton, by Carter T. Lambeth, for the defendant.*

·BROCK, Chief Judge.

[1] Defendant assigns as error the refusal of the trial court to nonsuit the charge against defendant because the State made no showing that Deputy Edwards was acting under a valid capias. It seems to be defendant's contention that it was necessary for the State to offer the capias in evidence or satisfactory evidence of its contents.

Deputy Edwards testified that he was given a capias to serve on defendant and that he went to Bessie's Package Store for the purpose of serving the capias. Capias is "The general name for several species of writs, the common characteristic of which is that they require the officer to take the body of the defendant into custody; they are writs of attachment or arrest." Black's Law Dictionary, 4th ed. Therefore, there was evidence that Deputy Edwards had in his possession an order to take defendant into custody. Also, the State's evidence tends to show that defendant was aware that the deputy was there to take him to jail. He told Assistant Chief Jones that he was not going to jail with the deputy. Defendant's own evidence tends to show that he knew the deputy was there in the performance of his duties. The only purpose for introduction of the capias itself into evidence would have been to establish the content of the capias. Such was not required in this case.

[2] Defendant argues as though he were convicted of resisting arrest. However, he was charged and convicted of assault with a firearm upon a law-enforcement officer while such officer was in the performance of his duties. The State's evidence tends to show: (1) that Deputy Edwards was a law-enforcement officer, and this was known to defendant; (2) that Deputy Edwards was performing or attempting to perform his duties as a law-enforcement officer, and this was known to defendant; and (3) that defendant assaulted Deputy Edwards with a firearm. Even if it could be established that the capias was void, it would not justify defendant's assault upon Deputy Edwards. *State v. Wright,* 1 N.C. App. 479, 162 S.E. 2d 56.

We have examined defendant's remaining assignments of error, and find them to be without merit.

No error.

Judges MORRIS and VAUGHN concur.